IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-941-L** |
| | § | |
| **SIG SAUER (SIG-ARMS) MPX-P PISTOL,** *et al.*, | § | |
| | § | |
| Defendants *in rem*. | § | |

## MEMORANDUM OPINON AND ORDER

Before the court is the United States' ("Plaintiff") Complaint for forfeiture, filed April 13, 2018. Plaintiff filed this Complaint *in rem* against the defendant property. For the reasons that follow, the court *sua sponte* **transfers** this action, pursuant to 28 U.S.C. § 1404(a), to the Fort Worth Division of the Northern District of Texas.

The question for the court is not whether the action was properly brought in the Northern District of Texas, Dallas Division, but whether it should be transferred to the Fort Worth Division. With respect to "an in rem civil forfeiture case, if venue is proper in a district, it is proper in any division within that district." *United States v. Real Property Known As 200 Acres of Land Near FM 2686 Rio Grande City, Texas*, 773 F. 654, 658 (5th Cir. 2014) (footnote omitted). In *Real Property*, the Fifth Circuit did not address whether a venue may be more convenient under 28 U.S.C. § 1404(a) in another division. *Id.* at 773 n.1. Accordingly, *Real Property* does not preclude a court from transferring a case to another district or division under 28 U.S.C. § 1404(a) "[f]or the convenience of the parties and witnesses, [and] in the interest of justice."

**Memorandum Opinion and Order – Page 1**

This action involves property that was seized by the Government from a residence in Fort Worth, Texas, on August 11, 2017. The search warrant was executed by members of the Fort Worth Police Department, Fort Worth Fire Department, and Bureau of Alcohol, Tobacco, Firearms, and Explosives at 3105 College Avenue, Fort Worth, Texas, the residence of Mr. Kelly Page ("Mr. Page"). Numerous firearms, thousands of rounds of ammunition, other firearms related items, explosive devices, drugs and drug paraphernalia were seized from the residence owned by Mr. Page. The only known potential claimant to the defendant property is Mr. Page.

Mr. Page resides in Fort Worth, Texas. Tarrant County is located in the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2). The court *sua sponte* considers whether this action should be transferred to the Fort Worth Division pursuant to 28 U.S.C. § 1404(a). *See Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that district court may *sua sponte* transfer action pursuant to 28 USC § 1404(a)); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("[T]ransfers under section 1404(a) may be made *sua sponte*.") (citation omitted).

The Fort Worth Division of the Northern District of Texas is certainly a division in a district that Plaintiff could have brought its claims. While five of the factors[*] in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004), are neutral and do not weigh in favor of or against a transfer to the Fort Worth Division, the first, fourth, and sixth factors clearly favor a transfer to the Fort Worth

---

[*] These factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *In re Volkswagen*, 371 F.3d at 203.

Division because the events giving rise to this action *all* occurred in the Fort Worth Division. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Moreover, a plaintiff's choice of forum is neither in and of itself "conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). Further, "the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." *In re Volkswagen AG*, 371 F.3d at 206 (citation omitted).

As nothing relating to this action occurred in the Dallas Division, the proper division is the Fort Worth Division. Accordingly, the court, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," hereby **transfers** this action to the Fort Worth Division of the Northern District of Texas. The clerk of the court shall effect the transfer in accordance with the usual procedure.

**It is so ordered** this 30th day of April, 2018.

Sam A. Lindsay
United States District Judge